Filed 7/9/14  P. v. Brim CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>EURIE BRIM III,<br><br>    Defendant and Appellant. | F065521<br><br>(Super. Ct. No. MF009586A)<br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Kern County.  Gary T. Friedman, Judge.

Elisa A. Brandes, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez, Leanne Le Mon and Lewis A. Martinez, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

The jury found Eurie Brim III and Scott Clifford King participated in the armed robbery of Christopher Barnett. Brim was convicted of robbery, assault with a firearm, and active participation in a criminal street gang. With enhancements, his total prison term was 18 years.

While this appeal was pending, the Supreme Court decided in *People v. Rodriguez* (2012) 55 Cal.4th 1125 (*Rodriguez*) that a defendant can be convicted of active participation in a criminal street gang pursuant to Penal Code section 186.22, subdivision (a)[1] only if the defendant acted in concert with at least one other member of his gang. Brim argues, and the People concede, his conviction for active participation in a criminal street gang must be reversed because there was insufficient evidence he acted with a fellow gang member. He also asserts, and the People concede, the trial court improperly imposed an enhancement for gun use pursuant to section 12022, subdivision (a)(1) on the assault count since use of a firearm was an element of the offense. The People's concessions are proper, and we will reverse the active participation in a criminal street gang count and vacate the section 12022, subdivision (a)(1) firearm enhancement.

The People and Brim dispute whether the People will have the option of retrying Brim on the active participation in a criminal street gang count. We conclude the People should have this option because at the time the case was tried there was a split of authority in the Courts of Appeal on the issue, and the prosecutor may have additional evidence that was not presented at trial to establish the third participant in the robbery was a member of the same criminal street gang as Brim.

Finally, Brim claims his right to be free from ex post facto laws was violated when the trial court imposed a $240 fine pursuant to section 1202.4, subdivision (b)(1). We reject this argument because it is not supported by the record.

---

[1]All further statutory references are to the Penal Code unless otherwise stated.

## FACTUAL AND PROCEDURAL SUMMARY

### The Information

The information charged Brim with second degree robbery (§§ 211, 212.5, subd. (c)), assault with a firearm (§ 245, subd. (a)(2)), and active participation in a criminal street gang (§ 186.22, subd. (a)). The information also alleged the crimes were committed for the benefit of a criminal street gang within the meaning of section 186.22, subdivision (b)(1)(C) (counts 1 and 2), a principal was armed with a firearm within the meaning of section 12022.53, subdivisions (b) and (e)(1) (count 1), and a principal was armed with a firearm within the meaning of section 12022, subdivision (a)(1) (count 2). Finally, the information alleged in all three counts that Brim had suffered four prior convictions that resulted in prison sentences within the meaning of section 667.5, subdivision (b).

### The Testimony

Barnett arrived at a friend's house to have work performed on his vehicle. He was about to leave the house when a vehicle pulled in behind his vehicle. Brim exited this vehicle and approached the house. Barnett also saw King sitting in the passenger's seat of the vehicle with a green bandana over his face.

Barnett became suspicious so he locked the front door of the house and went to the back door in an attempt to escape. Brim was entering the house through the back door so Barnett ran out the front door. When Barnett slipped on some gravel, Brim assaulted him and began taking his possessions ($400 and two gold necklaces). King exited the vehicle and pointed a shotgun at Barnett to encourage him to cooperate.

When Brim and King departed, Barnett followed the getaway vehicle and obtained the license plate number, which he provided to the police. Barnett identified Brim by his moniker when he reported the crime. He also identified Brim in a photo lineup and at

3.

trial. Barnett was not shown a photo lineup that included King, but he identified King at trial, and the vehicle used in the robbery was registered to King.**2**

Deputy Sheriff Sean Mountjoy checked the license plate number obtained from Barnett against DMV records and learned the vehicle was registered to King. Based on this information and the positive identification of Brim, Mountjoy obtained search warrants for the residences of King and Brim. The address listed for King was an unoccupied dwelling. Brim's address was an occupied apartment. Numerous items of gang-related evidence were seized from the apartment.

After leaving Brim's apartment, the deputies decided to contact Bridget Ray, who previously had been seen in the company of Brim and King. Ray permitted the deputies to search her residence. Mountjoy found King's vehicle in Ray's garage with the license plates removed. After finding the vehicle, Mountjoy obtained a search warrant to search the rest of the premises.

King eventually was located in the attic and detained without incident. King told officers he was hiding in the attic because he believed he had an outstanding warrant for his arrest. He also stated he took the license plates off of his vehicle because he heard it had been used in a robbery and the sheriff's department was searching for it. King denied involvement in the robbery but stated he intended to sell the vehicle.

Mountjoy interviewed King a short while later. At that time King admitted he participated in the robbery. King also implicated Matthew Morrissette as a participant.

Sheriff's deputies eventually seized a shotgun and showed Barnett and Lewis pictures of the shotgun. Both stated it looked similar to the weapon used in the robbery.

---

**2**Leeandra Lewis, Barnett's companion who was in the car when these events took place, testified in a manner very similar to Barnett's. She also identified Brim and King as the perpetrators.

4.

The prosecution's expert witness, Lauro Cantu, opined Brim was a member of the criminal street gang known as the Deadly Young Psyclones or DYP (hereafter DYP) and testified this gang met the statutory criteria of a criminal street gang.

The defense attempted to establish an alibi for Brim and presented stipulations that suggested Barnett had been untruthful on the stand.

### *The Verdict and Sentencing*

The jury found Brim guilty as charged and found all enhancements true. Brim admitted he had served three prior prison terms within the meaning of section 667.5, subdivision (b).[3] The trial court sentenced Brim to the upper term of five years in count 1, plus 10 years for the section 12022.53, subdivisions (b) and (e)(1) enhancement, and three years for the section 667.5 enhancements. The section 186.22, subdivision (b)(1)(C) enhancement was stayed. The sentences for counts 2 and 3 also were stayed pursuant to section 654. Brim's total prison sentence was 18 years.

## DISCUSSION

## I.     Conviction for Active Participation in a Criminal Street Gang

In count 3 the jury found Brim guilty of violating section 186.22, subdivision (a). This section imposes a prison term on any person who actively participates in a criminal street gang. The elements of this crime are (1) the defendant actively participated in a criminal street gang; (2) when he or she did so, he or she knew that members of the gang engaged or had engaged in a pattern of criminal gang activity; and (3) the defendant willfully assisted, furthered, or promoted felonious criminal conduct by members of the gang by either (a) directly and actively committing a felony offense, or (b) aiding and abetting a felony offense. (CALCRIM No. 1400.) The prosecution posited Brim

---

[3]The prosecutor determined two of the charged section 667.5 enhancements resulted in only a single prison sentence, and therefore only three 667.5 enhancements could be charged.

committed this crime when he robbed Barnett, i.e., he assisted felonious criminal conduct by members of the gang when he robbed Barnett.

Brim argues this conviction must be reversed for two reasons. He asserts (1) there was insufficient evidence to support the conviction, and (2) the trial court erroneously instructed the jury on the elements of the crime. Both arguments arise from *Rodriguez*.

Rodriguez was a gang member visiting his girlfriend in another city. Rodriguez, acting alone, attempted to rob the victim and then beat the victim when he refused to give him any money. The prosecution's gang experts testified the crime was committed for the benefit of Rodriguez's criminal street gang. The jury convicted Rodriguez of attempted robbery and active participation in a criminal street gang. (§ 186.22, subd. (a).) The jury also found true the gang enhancement allegation that the attempted robbery was committed for the benefit of the gang. (*Id.,* subd. (b).) The trial court granted the defendant's motion for a new trial on the gang enhancement allegation on the grounds of insufficient evidence. The prosecution did not retry the allegation.

Rodriguez argued he could not be convicted of a separate count of active participation in a criminal street gang because he acted alone. Rodriguez's argument focused on the third element of the crime -- that the defendant willfully committed an act that promotes, furthers, or assists in any felonious criminal conduct by members of that gang.

When analyzing the phrase "felonious criminal conduct by members of that gang," the Supreme Court observed the phrase "that gang" refers "back to the gang in which the defendant is an active participant." (*Rodriguez, supra,* 55 Cal.4th at p. 1131.) In rejecting the Attorney General's argument that a gang member acting alone could promote, further, or assist felonious criminal conduct by members of the gang, the Supreme Court stated, "[T]o satisfy the third element, a defendant must willfully advance, encourage, contribute to, or help *members* of his gang commit felonious criminal conduct. The plain meaning of section 186.22(a) requires that felonious

6.

criminal conduct be committed by at least two gang members, one of whom can include the defendant if he is a gang member.  [Citation.]"  (*Id.* at p. 1132.)  The Supreme Court concluded by noting that in enacting section 186.22, subdivision (a), the Legislature "sought to punish gang members who acted *in concert* with other gang members in committing a felony regardless of whether such felony was gang related.  [Citation.]"  (*Rodriguez,* at p. 1138.)

Finally, the Supreme Court rejected the Attorney General's suggestion that its interpretation would result in absurd results.

> "A lone gang member who commits a felony will not go unpunished; he or she will be convicted of the underlying felony.  Further, such a gang member would not be protected from having that felony enhanced by section 186.22(b)(1), which applies to 'any person who is convicted of a felony committed for the benefit of, at the direction of, or in association with any criminal street gang, with the specific intent to promote, further, or assist in any criminal conduct by gang members.…'  Because the gang enhancement under section 186.22(b)(1) requires both that the felony be gang related and that the defendant act with a specific intent to promote, further, or assist the gang, these requirements provide a nexus to gang activity sufficient to alleviate due process concerns.  [Citation.]  Furthermore, we note that the lone perpetrator's punishment under the sentencing enhancement would be more substantial than that imposed for a defendant who violates section 186.22(a)."  (*Rodriguez, supra,* 55 Cal.4th at pp. 1138-1139.)

> "A gang member who is convicted of a violation of section 186.22(a), on the other hand, would presumably be sentenced for the underlying felony as well as the separate conviction under section 186.22(a).  The maximum punishment for a violation of section 186.22(a) is three years.  Applying section 1170.1, subdivision (a), the defendant would receive, at most, an additional eight-month sentence for the gang offense.  We need not consider whether imposition of such a term would be barred by section 654.  [Citation.]"  (*Rodriguez, supra,* 55 Cal.4th at p. 1139, fn. 9.)

> "In sum, the Attorney General argues for an expansive interpretation of section 186.22(a) that is not supported by the statutory language.  Although the People might prefer a different statute, section 186.22(a) reflects the Legislature's carefully structured endeavor to punish active

participants for commission of criminal acts done *collectively* with gang members. Defendant here acted alone in committing the attempted robbery. Thus, he did not also violate section 186.22(a)." (*Rodriguez, supra,* 55 Cal.4th at p. 1139.)

Brim did not act alone when he robbed Barnett. The only evidence of gang membership presented by the prosecution, however, related to Brim. The prosecutor conceded King was not a member of the same criminal street gang as Brim. Thus, King's participation in the robbery did not establish the crime was committed "*collectively* with gang members," specifically with members of Brim's gang.

This case was tried before *Rodriguez* was decided. The result was that the instruction explaining the elements of the crime of active participation in a criminal street gang did not explain that at least two gang members must have participated in committing the felony offense. The People concede that, as a result, the trial court erred in instructing the jury and the conviction must be reversed.

We agree error occurred, and reversal is required because the error was prejudicial. *Rodriguez* requires two gang members acting in concert before a defendant may be convicted of violating section 186.22, subdivision (a). The jury was not informed of this requirement, and the evidence of a second gang member was almost nonexistent, as we explain below.

We must decide whether Brim may be tried again for the offense. Brim argues, in essence, retrial is barred because there was not substantial evidence to support the conviction since the prosecutor failed to establish two members of his gang participated in the crime. The Attorney General, relying on *People v. Garcia* (1984) 36 Cal.3d 539 (*Garcia*), maintain retrial must be permitted.

The evidence established there were three men involved in the robbery of Barnett. Viewing the evidence in the light most favorable to the judgment, the jury likely found Brim attacked Barnett and took his personal property, and King was the passenger in the vehicle that pointed the shotgun at Barnett to ensure his cooperation. Neither Barnett nor

8.

Lewis could identify the third man, who was the driver of King's vehicle. The only evidence introduced at trial on the identity of the third accomplice came from King, who told Mountjoy during an interview that Morrissette also was involved in the crime.

The evidence also established Brim was a member of DYP, and King was not. Further, Cantu opined Morrissette was a member of DYP. Therefore, if Morrissette was involved in the crime, there were two DYP gang members acting in concert during the robbery. The only testimony identifying the third perpetrator, however, came from King, who was an accomplice in the crime. King's testimony, by itself, would not be sufficient to prove Morrissette's guilt (§ 1111) and would not have been admissible had Morrissette been a defendant in the action. (*People v. Aranda* (1965) 63 Cal.2d 518; *Bruton v. United States* (1968) 391 U.S. 123.) Under the *Aranda*/*Bruton* line of cases, it also is questionable whether King's statement implicating Morrissette in the crime would be admissible against Brim if it were to be used to prove one of the elements of the active participation in a criminal street gang count because King was not subject to cross-examination.

Brim argues he cannot be retried because there was insufficient evidence that a second member of the DYP criminal street gang was involved in the robbery. But, as *Rodriguez* explained, there was a split in the Courts of Appeal on the issue of whether a gang member could be convicted of active participation when he acted either alone or with nongang members. Accordingly, the prosecutor may have additional evidence he could have presented to establish Morrissette's involvement in the crime but chose not to because Morrissette was not a defendant and it was unnecessary to obtain a conviction against Brim. *Garcia* explains that under such circumstances, the matter should be remanded to permit the prosecutor the opportunity to retry the matter with this additional evidence.

*Garcia* involved a conviction for first degree special circumstance murder. The special circumstance alleged was felony murder. Garcia drove his accomplice to a store

purportedly to commit a robbery. The accomplice entered the store and shot the clerk. The jury was not instructed that Garcia must have had the intent to kill or to aid a killing to find the special circumstance true, as required by *Carlos v. Superior Court* (1983) 35 Cal.3d 131, overruled on other grounds in *People v. Anderson* (1987) 43 Cal.3d 1104. After concluding this error required reversal, the Supreme Court addressed Garcia's argument that retrial should be precluded.

> "Recognizing that in many cases tried before *Carlos* insufficiency of the evidence to show intent to kill might be the result of the prosecution's failure to realize that proof of intent was essential, [Garcia] argues that his case is different because he was charged with premeditated murder as well as felony murder. Consequently, he argues, in his case the prosecution must be deemed to have introduced all the evidence it had to show intent and premeditation, and since that evidence would be insufficient to support a finding of intent to kill, retrial of that issue is unnecessary.

> "We agree with the defendant that the evidence presented may be insufficient to support a finding of intent to kill, but think it unrealistic to assume that the prosecution, with a perfect case for proof of felony murder, necessarily presented all available evidence relating to intent. We therefore reverse the special circumstance finding without directions, permitting the prosecution to seek retrial of that issue." (*Garcia, supra,* 36 Cal.3d at pp. 557-558.)

We also conclude it is unrealistic to assume the prosecutor presented all available evidence to establish Morrissette was the third perpetrator in the robbery. The prosecutor, not knowing he was required to establish two DYP members participated in the crime, may have determined such evidence was unnecessary and would unduly lengthen the trial. Accordingly, we will remand the matter to permit the prosecution the option of retrying the section 186.22, subdivision (a) charge.

## II.     Remaining Contentions

### *Arming Enhancement*

The jury found true an enhancement on count 2 that a principal was armed with a firearm within the meaning of section 12022, subdivision (a)(1). Count 2 charged assault

10.

with a firearm, in violation of section 245, subdivision (a)(2). As the jury was instructed, to violate this section a defendant must have done "an act with a firearm that by its nature would directly and probably result in the application of force to a person." Section 12022, subdivision (a)(1) enhances the sentence of anyone "who is armed with a firearm in the commission of a felony."

The section specifically states, however, that the enhancement does not apply if "the arming is an element of that offense." Since assault with a firearm includes as an element of the offense the use of a firearm, the Legislature has specifically precluded imposition of the section 12022, subdivision (a)(1) enhancement. The People concede the finding on the enhancement and the term imposed for the enhancement must be vacated.

### Restitution Fine

Brim's final argument is the trial court improperly imposed a fine pursuant to section 1202.4. The robbery occurred on March 6, 2011. At that time section 1202.4 provided the fine "shall be set at the discretion of the court and commensurate with the seriousness of the offense, but shall not be less than two hundred dollars ($200), and not more than ten thousand dollars ($10,000) …." (Former § 1202.4, subd. (b)(1).) The 2011 Legislature amended this section to increase the minimum fine from $200 to $240. (Stats. 2011, ch. 358, § 1.) The trial court imposed a fine of $240. Brim argues that since it appears the trial court intended to impose the minimum fine, his constitutional right to be free from ex post facto laws was violated. (U.S. Const., art. I, § 10; *People v. McKee* (2010) 47 Cal.4th 1172, 1193.)

The trial court has discretion to determine the amount of the section 1202.4 fine. The People argue the fine was within the statutory limits in both 2011 and 2012. Since the trial court did not explain its reasoning for choosing the amount of the fine, the People assert either (1) Brim forfeited the argument, or (2) the silent record makes it impossible for Brim to meet his obligation of affirmatively establishing error.

11.

We agree with the People. It is impossible to know from this record whether the trial court erroneously thought the minimum fine was $240 or it was exercising its discretion to impose a fine of $240 knowing the minimum fine was $200. Accordingly, on this record Brim cannot establish the trial court abused its discretion in imposing a $240 fine.

## DISPOSITION

The conviction for active participation in a criminal street gang, in violation of section 186.22, subdivision (a), is reversed, and the matter is remanded to the trial court to provide the People with the option of retrying the count. The one-year enhancement imposed on count 2 pursuant to section 12022, subdivision (a)(1) is vacated. The judgment is affirmed in all other respects.

_____
CORNELL, Acting P.J.

WE CONCUR:

_____
DETJEN, J.

_____
FRANSON, J.

12.